IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *In re*: | : | Chapter 11 |
| | : | |
| 1021 W. 8th AVENUE, | : | |
| LIMITED PARTNERSHIP, | : | |
| A Pennsylvania Limited Partnership, | : | |
| | : | Case No. 18-15683-JKF |
| Debtor. | : | |

## STIPULATION RESOLVING DEBTOR'S OPPOSITION
## TO MOTION OF PBE COMPANIES, LLC FOR RELIEF FROM AUTOMATIC STAY

THIS STIPULATION is entered into, by and between 1021 W. 8th Avenue Limited

Partnership, a Pennsylvania Limited Partnership, both Debtor and Debtor-in-Possession in this

case (the "Debtor" or the "Respondent"), and Movant, PBE Companies, LLC ("PBE"), assignee

of Santander Bank, N.A., on behalf of itself and its successors and assigns ("Lender"), by their

respective counsel, for the purpose of amicably resolving the pending Motion for Relief from

Automatic Stay without further litigation:

### FACTS AND PROCEDURAL HISTORY

A.      On August 28, 2018, Debtor filed its voluntary petition for relief ("Petition")

under Chapter 11 of the United States Bankruptcy Code (the "Code"). Since the filing of the

Petition, Debtor has conducted its business as a debtor in possession.

B.      Debtor's business consists of the ownership and management of commercial real

property located at 1021 W. 8th Avenue, King of Prussia, Pennsylvania (the "Property").

C.      PBE is the assignee of the interests of Santander Bank, N.A., the holder of a first

mortgage lien on the Property, which mortgage was in foreclosure at the time of the filing of the

Petition.

D.    On September 20, 2018, PBE filed its Motion seeking relief from the automatic stay pursuant to Section 362(d) of the United States Bankruptcy Code (the "Motion").

E.    On October 4, 2018, Debtor filed its response in opposition to PBE's Motion (the "Response").

## STIPULATION TERMS

Lender and the Debtor, desiring to settle any and all disputes, claims and matters without admission as to any liability or compromise of rights, HEREBY STIPULATE AND AGREE AS FOLLOWS:

1.    Effective upon the filing and approval of this Stipulation, Debtor hereby withdraws its Response and its opposition to the relief sought in the Motion, and consents to the entry of an Order granting such relief to Lender.

2.    Debtor shall use commercially reasonable efforts to cause all tenants at the Property to remit all current and past-due monthly base rent and additional rent under their respective leases or other occupancy agreements to Lender, and to cause such tenants to continue to make monthly payments of rent and other charges thereunder until they are further advised in writing by Lender and/or a different party takes ownership and possession of the Property pursuant to Sheriff's Sale or otherwise. Debtor shall forward to Lender any rent or other payment received by Debtor. Debtor, however, shall not be required to file suit or otherwise incur legal fees or expenses in connection with such efforts.

3.    Upon obtaining relief from the automatic stay, Lender may, in its sole discretion, proceed with the Sheriff's sale of the Property by the Sheriff of Montgomery County, Pennsylvania (the "Sheriff's Sale"), on October 31, 2018, pursuant to the judgment obtained in

538201v3

the Court of Common Pleas of Montgomery County, Pennsylvania at Civil Action No. 2018-08734 (the "State Court Action").

4.      Pending the Sheriff's Sale, and if Lender (or any successor to or assignee to Lender) is the successful bidder at the Sheriff's Sale, Lender agrees that it: (a) shall provide at least ninety (90) days' notice-to-quit to tenants currently occupying the Property and whose lease agreements do not expire during that 90-day period, beginning on the date that the Sheriff's Deed to the Property is recorded with the Montgomery County Office of Recorder of Deeds; and (b) shall provide essential services to such tenants during that 90-day period.

5.      Except as expressly provided herein, nothing herein shall be deemed to prohibit or limit Lender's rights, if it is the successful bidder at Sheriff's Sale and takes title to the Property, as successor landlord, to permit or not permit the continued occupancy of all or any portion of the Property by current tenants, upon such terms as PBE shall determine in its sole discretion.

6.      This Stipulation shall not be enforceable by third parties, nor shall it confer any rights or remedies to third parties, and the tenants of the Property shall only be entitled to those benefits expressly set forth herein.

7.      The parties are entering into this Stipulation in lieu of further litigation in this matter.

8.      Electronic signatures are accepted for the purpose of filing this Stipulation with the Bankruptcy Court.

9.      The Parties hereto agree that this Stipulated Order waives the ten day stay period under Federal Rule of Bankruptcy Rule 4001(a)(3).

538201v3

**FOR THE DEBTOR:**

SILVERANG, DONOHOE,
ROSENZWEIG & HALTZMAN, LLC

Date: October 10, 2018

By: ___ /s/ Mark S. Haltzman _____
   Mark S. Haltzman, Esquire
   Attorney ID No. 38957
   595 East Lancaster Avenue, Suite 203
   St. Davids, PA 19087
   (610) 263-0136
   *mhaltzman@sanddlawyers.com*
   *Attorney for Debtor*

**FOR PBE COMPANIES, LLC:**

WEIR & PARTNERS LLP

Date: October 10, 2018

By: ___ Bonnie R. Golub _____
   Bonnie R. Golub, Esquire
   Suite 500, The Widener Building
   1339 Chestnut Street
   Philadelphia, PA 19107
   (215) 665-8181
   *bgolub@weirpartners.com*
   *Counsel for PBE Companies, LLC,*
   *Successor to Santander Bank, N.A.*

This Stipulated Order is approved by the Court this ____ day of _____, 2018.

**Date: October 21, 2018**

_____
Jean K. FitzSimon,
United States Bankruptcy Judge

538201v3